## Ex parte F. W. WINFORD.

No. A-6590.   Opinion Filed May 7, 1927.
(255 Pac. 1021.)

Morgan & Morgan, for petitioner.

Houston B. Teehee, Asst. Atty. Gen., and Paul R. Wunsch, Co. Atty., of Kingman, Kan., for respondents.

DAVENPORT, J.   This is an original action in this court for a writ of habeas corpus.   The petitioner alleges that he is restrained of his liberty and is unlawfully imprisoned at Anadarko, Caddo county, Okla., by Hon. George Nixon, sheriff of said county, and Mr. Fisher, sheriff of Kingman county, Kan., and that a requisition from the Governor of the state of Kansas has been honored by the Governor of the state of Oklahoma, and that the said sheriff is about to deliver petitioner to the sheriff of Kingman county, Kan., to be conveyed to the state of Kansas upon a prosecution pending in the court there charging petitioner with the crime of removing mortgaged property from the state of Kansas to the state of Oklahoma, and with the selling and disposing of the same in violation of the laws of Kansas.

A writ of habeas corpus was issued upon said petition returnable May 5, 1927, at which time a hearing was had.   The respondents made their return showing that

they held petitioner upon the proper showing that petitioner was charged with a crime in Kingman county, state of Kansas, and that a requisition had been requested by the Governor of Kansas to the Governor of Oklahoma to deliver the petitioner to the sheriff of Kingman county, Kan. Petitioner was charged with being a fugitive from justice from the state of Kansas. Petitioner sued out this writ of habeas corpus denying that he was a fugitive, and stating that petitioner's presence in the state of Oklahoma is by reason of an express order of the district court of Kingman county, Kan.

Habeas corpus is the proper proceeding to determine whether the prisoner is a fugitive within the meaning of the extradition laws and subject to be taken from the jurisdiction of this state to the state whose laws he is charged with violating. Upon the hearing had the court determined that the petitioner was a fugitive; the writ is therefore denied, and prisoner remanded to the custody of the respondents.

DOYLE, P. J., and EDWARDS, J., concur.